97 F.3d 1454
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Donald W. LOVELESS, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 96-1839.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 10, 1996.
Decided Sept. 16, 1996.
 
 Before CUMMINGS, FLAUM and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Donald W. Loveless applied for Social Security disability benefits. He is eligible for them only if he became completely disabled before the end of September 1983. The passage of time has made it difficult to determine the true state of his physical and mental health in September 1983. The administrative law judge concluded that Loveless was not then disabled; the district judge concluded that substantial evidence supports that decision.
 
 
 2
 Loveless now suffers from disabling major depression. Was he afflicted by that mental condition in September 1983? The ALJ observed that the first psychiatric evidence dates to 1985, and that Loveless did not begin to seek mental health care in earnest until 1991. Loveless believes that these statements reveal a flaw in the ALJ's reasoning, because, although he did not see a mental health professional until April 1985, several of the physicians attending to his back problems noted in their files that he appeared to be depressed. Loveless accuses the ALJ of "ignoring" these notations. We think that they were not so much ignored as discounted. Their own authors disclaimed expertise. For example, Dr. Huffer, an orthopedist who saw Loveless in July 1983, noted that there was a serious psychological component to his condition but that its evaluation was outside the realm of orthopedics. The diagnosis and treatment of depression, the mental illness, differs substantially from "depression" the common mental state. See Wilder v. Chater, 64 F.3d 335 (7th Cir.1995). We think that the ALJ was entitled to discount casual uses of that term--for that matter, to conclude that Loveless was not disabled by depression even in 1985. Dr. Miezio, who saw Loveless then, thought that a combination of depression, pain, and long-term absence from the labor force made him a poor candidate for employment, but opined that with care Loveless might be able to go back to work. Miezio recommended treatment, which Loveless elected not to obtain for the next six and a half years.
 
 
 3
 Loveless has had back problems since an auto accident in 1979, when he was 30, and the treatment records facilitate accurate assessment of his physical condition in September 1983. The ALJ summoned a vocational expert, who opined that there were between 1,900 and 2,500 jobs in Wisconsin that a person with Loveless's education and physical limitations could have performed. The ALJ agreed. Loveless contends that the ALJ did not present the expert with a hypothetical question accurately summing up his limitations, but this is really directed against the ALJ's conclusions about what those limitations were. The hypothetical question accurately encapsulated the ALJ's findings.
 
 
 4
 It may be that the ALJ used words such as "sedentary" in ways that do not exactly track the governing regulations. Whatever significance this might have in a case decided under the Grid (where the classification of a claim into cells based on these terms can make all the difference), it has none when the ALJ calls a vocational expert and poses a detailed question about the claimant's actual limitations. It is similarly unimportant that in response to this question the expert identified some jobs that normally fit a higher exertional category. A vocational expert is used when a particular person's abilities do not exactly match the usual categories; a person may be able to do some jobs usually called "strenuous" but unable to do others usually called "light" or "sedentary." The ALJ's conclusion in this case about the jobs Loveless could have performed is supported by substantial evidence.
 
 
 5
 AFFIRMED.